UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *ex rel.* JAMES PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11CV000902 AGF |
| | ) | |
| SANBORN MAP COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This *qui tam* action brought under the False Claims Act ("FCA") is before the Court on the motion of Relator James Peterson for attorneys' fees in the amount of $100,190.00, and $350.00 in litigation expenses, for a total of $100,540.00 to be paid by Defendant Sanborn Map Company, Inc. For the reasons set forth below, the motion shall be granted in the amount of $82,540.00.

## BACKGROUND

Relator, a former vice president and general manager of Defendant, first met with his counsel in July 2010. On May 19, 2011, Relator filed a 26-page complaint alleging that Defendant violated the FCA by using unapproved subcontractors for digital mapping work performed for the United States Army Corps of Engineers on three contracts. The Government intervened in the action on July 31, 2013. Defendant and the Government eventually reached a settlement agreement pursuant to which Defendant would pay the Government $2.1 million and Relator would receive a share of the settlement amount

plus attorneys' fees and costs. On July 17, 2013, Relator disputed that a settlement had been reached because he had never agreed to the scope of the release of claims he had against Defendant. On August 15, 2013, the Government filed a motion for the Court to approve the settlement and to determine Relator's share of the settlement and Relator's award of attorneys' fees. On February 4, 2014, following a hearing, the Court rejected Relator's position and held that a settlement agreement, except with respect to Relator's share and fees, had been reached on June 25, 2013, and granted the Government's motion.

On February 25, 2014, Relator filed two motions: one for Relator's share of the settlement and one for attorneys' fees and expenses to be paid by Defendant pursuant to 31 U.S.C. § 3730(d)(1). On April 10, 2014, the Court awarded Relator a 19% share of the settlement, or $339,000.00. With respect to the motion for fees, the motion now under consideration, Relator seeks reimbursement for 363.4 hours his three attorneys spent on the case between July 14, 2010, and February 17, 2014. Relator asserts that his counsel spent a total of 948.85 hours on this matter but that his counsel "exercised billing judgment and discretion" in voluntarily excluding approximately 60% of the total hours to eliminate or decrease entries that were not sufficiently descriptive, appeared to be duplicative, included non-essential tasks, or were related to responding to the Government's motion to enforce the settlement agreement.

The 363.4 hours Relator claims that his counsel expended on this matter are broken down between his three attorneys as follows:

- Law Office of Kevin Dolley, LLC:

      Kevin J. Dolley (lead attorney) - 183.4 hours
      Conor R. McCullough (senior associate) - 12.1 hours

- Mielcarek Law Firm, LLC:
    Ryan C. Mielcarek - 167.9 hours

(Doc. No. 73.) Specifically, Relator seeks fees for approximately:

- 15 hours for conducting initial investigations during which counsel met and interviewed Relator and conducted a preliminary assessment of his claims;

- 21 hours of legal research into the action against Defendant as well as into the specific complexities surrounding Defendant's fraud as it pertained to the mapping industry;

- 50 hours during the main investigation phase of the litigation reviewing documents and conducting factual investigations to develop potential claims against Defendant and to validate that the facts of Relator's claim could be proven;

- 67 hours for drafting documents throughout the litigation:
    24 hours drafting the *qui tam* complaint,
    30 hours drafting the motion for Relator's share, and
    16 hours drafting the fee petition on review now;

- 41 hours for producing documents for the Government to assist in its investigation, including assembling a binder with hard copy documents, creating a flash drive with electronic documents, compiling Relator's 60-page case summary containing contracts between Defendant and the Government, project documents, internal emails, task orders, and damage calculations, and generating an index of the documents provided;

- 43 hours in settlement negotiations with the Government and Defendant;

- 39 hours communicating with the Government in regard to its investigation of the claims and the case filing. Relator's counsel stated that they remained in regular contact with the Government through the course of litigation, and cooperated and met with the Department of Justice during its two-year investigation of this matter; and

- 82 hours meeting with, advising, and counseling Relator throughout the litigation.

(*Id.*)

Relator requests $350.00 per hour for Dolley, which Relator states is consistent with the $300.00 to $400.00 per hour Dolley's firm charges for partner work; $200.00 per hour for McCullough, which he asserts is consistent with the $150.00 to $200.00 per hour Dolley's firm charges for associate work; and $200.00 per hour for Mielcarek which is what Mielcarek charges in non-contingent cases such as this. Relator argues that these requested rates are reasonable and comparable to the market rates for partner, associate, and solo practitioner work within the St. Louis community.

In support of these requested rates, Relator attached declarations from Dolley and Mielcarek, detailing their qualifications (Doc. No. 73-5 to 73-7), articles discussing the billing rates of Missouri attorneys (Doc. No. 73-8), and tables illustrating in-state rates for Missouri attorneys and out-of-state rates for attorneys (Doc. No. 73-8). These documents reveal that Relator's requested hourly rates are less than or comparable to the rates of Missouri attorneys generally. Also attached is the "Laffey Matrix 2003-2013" which was prepared by the Civil Division of the United States Attorney's Office for the District of Columbia to be used in cases in which a fee-shifting statute permits the prevailing party to recover reasonable attorneys' fees (Doc. No. 73-9). The Laffey Matrix reveals that the rates Relator requests are less than the rates courts considered reasonable in 2012-2013 in the District of Columbia. Relator notes that the requested rates are less than the hourly rate charged by Defendant's counsel, an estimated $400.00 to $600.00 per hour.

In sum, Relator requests $100,190.00 to be paid by Defendant for attorneys' fees.

Additionally, Relator requests $350.00 in litigation expenses (cost of filing the complaint), bringing the total requested amount to be paid by Defendant to $100,540.00.

Defendant argues that Relator's requested amount for attorneys' fees is unreasonable despite the alleged "exercise in billing judgment." Defendant states that the Government purposely excluded Relator and Relator's counsel from litigation because Relator was "unreliable, exercised poor judgment, and provided bad information." Further, Defendant asserts that Relator unnecessarily complicated the proceedings as well as the investigation. Defendant notes that Relator's counsel does not have any experience with *qui tam* litigation and therefore the requested hourly rates are unjustified. Defendant believes that no more than $39,378.00 in attorneys' fees is warranted in this matter because Relator and Relator's counsels' involvement was minimal and the matter settled prior to any discovery and without a trial.

Specifically, Defendant asserts that Relator's fee application should be reduced as follows:

- $17,080.00 for time spent researching, negotiating, and litigating Relator's share of the settlement because such work is not recoverable by law;

- $6,255.00 for the time spent on what Defendant characterizes as clerical work including assembling binders of documents for the Government and creating an index of the documents provided;

- $1,722.50 for "excessive" time spent conducting legal research and drafting Relator's motion for attorneys' fees (reducing the total time spent on the fee petition by 50%, from 16.1 hours to 8.05 hours);

- $3,102.50, or 50%, for "excessive" time Relator's counsel spent drafting the complaint, especially in light of the additional compensation requested for time spent researching and gathering facts which likely contributed to the substance of the complaint;

5

- $2,650.00 for time Relator's counsel spent, according to Defendant, "getting up to speed" on *qui tam* actions; and

- $1,340.00 for time spent challenging the settlement agreement entered into on June 25, 2013.

(Doc. No. 76.)

Defendant argues that the hourly rates of Relator's counsels' requests are unreasonable because Relator's counsels lack any experience in *qui tam* actions. Defendant asserts that Dolley's rate should be reduced to $250.00 per hour and McCullough's and Mielcarek's rates should be reduced to $150.00 per hour, especially in light of the fact that McCullough had only been practicing law for a little over a year when this action commenced. Further, Defendant argues that Relator has not provided any evidence establishing the prevailing hourly rates in St. Louis for *qui tam* actions by attorneys with similar skills, experiences, and reputations as Relator's counsels. Defendant asserts that the time entries submitted by Relator are too vague to denote whether they are duplicative or reasonable and therefore Relator's total fee application must be reduced by an additional 20% because Relator has failed to provide "unequivocal" billing records to enable the Court to determine the reasonableness of the time expended.

## **DISCUSSION**

Under the FCA, where the Government intervenes in an action brought by a relator and settles the claim, the defendant must pay the relator his or her "reasonable expenses which the court finds to have been necessarily incurred, plus reasonable

attorneys' fees and costs." 31 U.S.C. § 3730(d)(1). The Court is allowed discretion when determining the amount of attorneys' fees that should be awarded. *Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 772 (8th Cir. 2000); *Greggory G. v. Burlington Resources Oil & Gas Co, LP.*, No. 4:10CV00088 CSM, 2013 WL 6150783, at *10 (D.N.D. Nov. 22, 2013).

A. Hourly Rate

The burden is on the party seeking the fee award to provide evidence supporting the rate claimed and hours expended. *U.S. ex rel. Thompson v. Walgreen Co.*, 621 F. Supp. 2d 710, 713 (D. Minn. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Reasonable attorneys' fee should be calculated using the prevailing rates within the relevant legal market. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Based on the evidence provided by Relator, this Court agrees with Relator that Dolley is entitled to an hourly rate of $350.00 per hour, and McCullough and Mielcarek are entitled to an hourly rate of $200.00 per hour.

B. Fees Related to Relator's Share

Many jurisdictions, including the Eighth Circuit, "disallow compensation for attorney's fees and costs incurred in connection with the [R]elator's share negotiation/litigation." *See U.S. ex rel. Thompson*, 621 F. Supp. 2d at 727; *see also U.S. ex rel. Rille v. Hewlett Packard Co.*, No. 4:04CV00989 BRW, 2011 WL 4625646, at *3 (E.D. Ark. Oct. 5, 2011) (following precedent within the Eighth Circuit in adopting the Sixth Circuit's rule that Defendant does not have to pay Relator's attorneys' fees for time expended on litigating Relator's share of the settlement in FCA actions); *U. S. ex rel.*

7

*Taxpayers Against Fraud v. Gen. Elec. Co*., 41 F.3d 1032, 1046 (6th Cir. 1994). Therefore, the Court agrees with Defendant that Relator's fee application should be reduced by $17,080.00 to account for the time spent on researching, negotiating, and litigating Relator's share.

   C. Fees Related to Work Characterized by Defendant as Clerical

The Court accepts Relator's assertion that the work characterized by Defendant as clerical needed to be performed by an attorney familiar with the case. *See U.S. ex rel. LeFran v. Gen. Elec. Co.*, No. 4:00CV00222 JHM, 2008 WL 152091, at *4 (W.D. Ky. Jan. 15, 2008) (holding that while some of the billed tasks appeared to be clerical, it was necessary for them to be handled by an attorney familiar with the facts and law relating to the case.)

   D. Fees Related to Motion for Attorney's Fees

Defendant argues that the 16.1 hours Relator alleges his attorneys spent researching and preparing his fee application is excessive and should be reduced by 50%. However, Defendant fails to point to specific time entries which are excessive, and the Court does not believe that 16.1 hours is excessive for this task. *See, e.g., Bowen*, 2013 WL 942443, at *4 (holding that 20 hours expended on preparation of the fee application was reasonable).

   E. Fees Related to Drafting the Complaint

Defendant fails to explain how Relator could have drafted the complaint more efficiently. Courts are awarded discretion when determining what a reasonable amount of time is for a particular task. *Bowman v. White*, No. 0305225 JLH, 2006 WL 2221429,

at *3 (W.D. Ark. Aug. 2, 2006) (noting that it is difficult to judge how long a task took and that the Court may adjust the requested time as it sees fit.) While 24 hours would be the maximum the Court would allow for this task, the Court agrees with Relator that 24 hours spent drafting the complaint is reasonable and should be included in Relator's award of attorney's fees. The Court finds this reasonable based upon the complexity of the case and the length of the complaint.

F. Fees Related to Time Relator's Counsel Spent "Getting Up to Speed"

On review of the record, the Court agrees with Relator that the time Defendant characterizes as time spent "getting up to speed" represents essential legal research into the substantive law of the matter necessary to the success of the case. *See, e.g., U.S. ex rel. Kimball v. Cathedral Rock Corp.,* No. 4:03CV01090 HEA, 2010 WL 147810, at *1 (E.D. Mo. Jan. 11, 2010) (noting that ethical obligations require thorough research of the law in each case even when a firm has extensive experience in *qui tam* actions because the law might have changed). Relator's fee application will thus not be reduced by $2,650.00 as sought by Defendant.

G. Fees Related to Time Spent Challenging the Settlement Agreement

The Court agrees with Defendant that time spent by Relator's counsel challenging the settlement agreement after it was reached on June 25, 2013, is not compensable. However, Defendant has not explained how it arrived at the $1,340.00 it seeks to strike from the fee application. Upon the Court's review of the billing records, it concludes that Relator seeks fees for 4.6 hours expended on this task by Mielcarek after June 25, 2013. Based upon Mielcarek's rate, $200.00 per hour, the Court will reduce Relator's fee

9

application by $920.00.

H. <u>Overall 20% Reduction to Relator's Fee Application</u>

Defendant asserts that Relator's attorneys' fees should be subjected to an overall 20% reduction because the billing record is vague in its entries which makes it impossible to determine what tasks were completed and which warrant compensation. As explained in *U.S. ex rel. Thompson*, a

> Fee petitioner must submit evidence that justifies the hours which counsel is claimed to have worked and where documentation of hours in inadequate, the district court may reduce the awards accordingly. Therefore, the fee petitioner should maintain billing records in a manner that will enable the reviewing court to identify the distinct claims.

621 F. Supp. 2d at 727 (citations omitted). Here, the billing record submitted by Relator sufficiently details how the 363.4 hours claimed by Relator were expended. The Court therefore disagrees with Defendant and will not apply an overall 20% reduction to Relator's attorney's fees award. Further, an overall 20% reduction is not warranted because a reduction for any vagueness is already accounted for by Relator's counsels' 60% reduction through "billing discretion" to the total hours expended.

## **CONCLUSION**

The Court finds that Relator should be awarded $82,190.00 in attorneys' fees. This total reflects the requested loadstar total of $100,190.00 less $17,080.00 for fees related to Relator's share and $920.00 for fees related to challenging the settlement agreement. Additionally, the Court shall award Relator $350.00 in litigation expenses.

Accordingly,

**IT IS HEREBY ORDERED** that Relator James Peterson's motion for attorneys' fees and costs to be paid by Defendant is **GRANTED** in the amount of $82,540.00. (Doc. No. 72.)

A separate Order of Dismissal shall accompany this memorandum and Order. The Order of Dismissal shall provide that this Court retains jurisdiction over the matter, pursuant to the Government's request, for the purpose of enforcing the terms of the settlement until such time as Defendant's payment obligations have been met.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2014.